# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>  v.<br><br>ALONZO DEAN JENKINS,<br><br>         Defendant. | Case No. 3:17-cr-00108-TMB<br><br><br>**ORDER ON PLAINTIFF'S MOTION TO DEEM ATTORNEY-CLIENT PRIVILEGE WAIVED**<br>**(DKT. 149)** |

  This matter comes before the Court on the Government's Motion to Deem Attorney-Client Privilege Waived (the "Motion").[1] Defendant Alonzo Jenkins has moved under 28 U.S.C. § 2255 to vacate his conviction on the ground that he received ineffective assistance of counsel at his trial ("§ 2255 Motion").[2] In a Supplement to the § 2255 Motion, Jenkins argues that his trial attorney, Darrel J. Gardner, provided him with ineffective assistance of counsel by, among other reasons, refusing to allow Jenkins to testify in his own defense.[3] Jenkins asserts that

> he wanted to testify, but counsel refused to allow it, because as counsel put it, "the government would introduce 404(b) testimony of [Jenkins]'s previous charge [on] two controlled drug buys he had assisted in 2009 which would be harmful to Petitioner Jenkins['s] defense, because, in his opinion, the [j]ury would convict [Jenkins] on that basis alone.[4]

---

[1] Dkt. 149 (Motion).

[2] Dkt. 112 (§ 2255 Motion); Dkt. 113 (Supplement).

[3] Dkt. 113 at 9.

[4] *Id.* Jenkins's quotation of his trial counsel's advice lacks a closing quotation mark, so it is not clear where the verbatim quotation ends.

1

In the Motion, the Government argues that by claiming ineffective assistance of counsel regarding Gardner's communications related to whether he should testify, Jenkins has implicitly waived his attorney-client privilege regarding the communications.[5] Jenkins maintains that because he has chosen not to support his ineffective assistance of counsel claim with an affidavit, his privilege has not been waived.[6]

The Court agrees with the Government. "It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."[7] By alleging ineffective assistance of counsel in his § 2255 Motion, Jenkins waived his privilege to all communications he had with his trial attorney. Jenkins's assertion that he has not waived his attorney-client privilege because he has not submitted a notarized affidavit is unavailing. Only by abandoning his ineffective assistance of counsel claim can Jenkins preserve the privileged status of his communications.[8]

Although Jenkins has waived his privilege, his waiver does not automatically entitle the Government to unlimited access to the communications or to his trial attorney's files. The implicit waiver in these cases is "narrow."[9] District courts must "closely tailor[] the scope of the waiver to

---

[5] Dkt. 149 at 1–2.

[6] Dkt. 152 at 1 (Opposition).

[7] *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc). *Bittaker* involved a § 2254 petition, but the rule also applies to § 2255 motions. *See, e.g.*, *United States v. Gonzalez*, 669 F.3d 974, 981–83 (9th Cir. 2012).

[8] *See Bittaker*, 331 F.3d at 721 ("[T]he holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition.").

[9] *Id.* at 722.

the needs of the opposing party in litigating the claim in question."[10] District courts "have the obligation, whenever they permit discovery of attorney-client materials as relevant to the defense of ineffective assistance of counsel claims in habeas cases, to ensure that the party given such access does not disclose these materials, except to the extent necessary in the habeas proceeding."[11] And because "[t]here simply is no federal right, constitutional or otherwise, to discovery in habeas proceedings as a general matter,"[12] the court will only allow discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."[13]

The Court finds that Jenkins waives his attorney-client privilege by placing the statements of his trial attorney at issue in his ineffective assistance of counsel claim. If Jenkins chooses to proceed with his § 2255 claim, he will be deemed to have waived his attorney-client privilege with respect to the communications that support the claim. The Government will also be entitled to learn of Jenkins's communications with Gardner to the extent necessary for the Government to have a fair opportunity to make an informed defense against Jenkins's ineffective assistance of counsel claim.

Accordingly, the Government's Motion at Docket 149 is **GRANTED** as follows: Jenkins may elect to withdraw his ineffective assistance of counsel claim **on or before February 18, 2022**. If he does not do so, then this Order shall become effective and the attorney-client privilege between Jenkins and Gardner will be deemed **WAIVED** to the extent necessary for the

---

[10] *Id.* at 720.

[11] *Id.* at 727.

[12] *Id.* at 728 (quoting *Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir. 1993)).

[13] *Id.* (quoting Rules Governing § 2254 Cases in the U.S. District Court, Rule 6(a)).

3

Government to respond to the merits of Jenkins's ineffective assistance of counsel claim raised in his § 2255 Motion. Any formerly privileged materials the Government obtains shall not be disclosed or used for any purpose other than litigating the merits of Jenkins's ineffective assistance of counsel claim.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 25th day of January, 2022.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE